UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                Plaintiffs,

v.

Nodin Makwa,

                Defendant.

Case No. 16-06 (MJD/FLN)

**MEMORANDUM OF LAW AND ORDER**

_____

      Clifford B. Wardlaw, Assistant United States Attorney, Counsel for Plaintiff.

      Douglas Olson, Assistant Federal Defender, Counsel for Defendant.
_____

      The above-entitled matter comes before the Court on Defendant's objections to the Report and Recommendation of Magistrate Judge Leo I. Brisbois dated March 23, 2016.

      Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based on that review, the Court adopts the Report and Recommendation and will deny Defendant's motions to suppress and to dismiss the Indictment.

1

Magistrate Judge Brisbois found that the pursuit of Defendant began as the result of an allegedly armed assault on the Red Lake Reservation. Red Lake Police Officer Alexandra Dow initially investigated the claim. She then put out a broadcast over the tribal police radio to other officers in the area, describing the claims and the car that the suspect was seen driving. Red Lake Police Officer Kerry Petschl heard Officer Dow's broadcast, and saw the suspect's car. Officer Petschl turned his truck around and began pursuing the suspect's car. Thereafter, FBI Special Agent Christopher Dudley, who is stationed in Bemidji and whose primary responsibility is investigating violent crimes on the Red Lake Reservation, observed Officer Petschl traveling southbound towards him at a high rate of speed and with his emergency lights and siren activated. SA Dudley turned his vehicle around to follow Officer Petschl, activated his lights and listened to the radio traffic between Officer Petschl and the Red Lake Police dispatcher. SA Dudley then contacted the Red Lake Police Department to inform them he was joining the pursuit. SA Dudley then called the Beltrami County Sheriff's Office to request assistance, as it was clear the pursuit would soon leave the Reservation. Within minutes, Beltrami County Deputy Hart joined the

pursuit.  Eventually, Defendant was successfully stopped by law enforcement, and it is alleged that during the attempt to stop him that Defendant hit Deputy Hart with his car.

Defendant argues that the Indictment should be dismissed because, as a matter of law, Deputy Hart was not an officer or employee of the United States, nor was he assisting such officer or employee in the performance of such duties at the time he was injured.  Defendant objects to the Magistrate Judge's conclusion that Red Lake Police Officers are, as a class, federal employees because the Red Lake Band of Chippewa is a sovereign Indian Nation and employs its own law enforcement personnel.  He further argues the fact that the Bureau of Indian Affairs ("BIA"), in tribal matters and funding, does not make the Red Lake Police Officers federal officers or employees.

As noted by the Magistrate Judge, the Eighth Circuit has repeatedly held that where there is an agreement between an Indian tribe and the BIA that delegates to the tribe the BIA's law enforcement authority, the tribe's police officers are to be considered federal officers when acting within the scope of their law enforcement duties.  See e.g. United States v. Janis, 810 F.3d 595, 597 (8th Cir. 2016); United States v. Roy, 408 F.3d 484, 489 (8th Cir. 2005); United States v.

Young, 85 F.3d 334, 335 (8th Cir. 1996); United States v. Schrader, 10 F.3d 1345, 1350 (8th Cir. 1993).

Defendant attempts to distinguish this case from Eighth Circuit precedent, claiming that the contractual relationship for law enforcement services between the Red Lake Band of Chippewa and the BIA is different, and that those cases do not address the unique status of the Red Lake Band as an independent sovereign nation.  Defendant does not demonstrate how the contractual relationship is different, however.  Instead, the record demonstrates that the Red Lake Band of Chippewa has entered into a self-governance compact with the BIA, and through this compact, the Red Lake Band now provides the day to day supervision of its officers, who develop cases occurring on the Red Lake Reservation for tribal or federal prosecution, while the BIA provides the funding for such law enforcement functions.  (T. 15-16.)  Such contractual relationship appears to be of the same type described in Janis, Roy, Young and Schrader.

In addition, the record demonstrates that FBI Special Agent Dudley was also involved in the pursuit and contacted the Beltrami County Sheriff's Department for assistance.  There can be no dispute that an FBI special agent is a federal officer.  Ultimately, it will be for the jury to decide whether Hart was

injured while assisting federal officers in the performance of their duties. Nonetheless, it has been established that this Court has jurisdiction over the crimes charged in the Indictment.

**IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Suppress Statements, Admissions and Answers [Doc. No. 24] is DENIED; and

2. Defendant's Motion to Dismiss for Lack of Jurisdiction and for Improper Charging [Doc. No. 25] is DENIED.

DATED: May 16, 2016                             s/ Michael J. Davis
                                                MICHAEL J. DAVIS
                                                United States District Court